FILED

2008 Mar-27  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **JANICE S. BAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 5:07-CV-1174-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Janice S. Baker (hereinafter "Ms. Baker") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act (hereinafter the "Act"). She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Secretary"), which denied her application for a period of disability and Disability Insurance Benefits (hereinafter "DIB"). Ms. Baker timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Act. As discussed below, the court concludes that the decision of the Commissioner is due to be reversed and the case remanded.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Baker was 45 years old at the time of her hearing before the administrative law judge (hereinafter "ALJ").  (Tr. 299).  She has obtained a general equivalency diploma (hereinafter "GED") and her past work experiences include employment as a dietary aid, cutter helper, order clerk, rug clipper, surging machine operator, and elastic attacher.  (Tr. 71-79, 299-300, 328-39).  As amended, Ms. Baker claims she became disabled on May 23, 2002, due to headaches, back injury, seizures, and colon spasms.[1]  (Tr. 66; Doc. 10 at 1-2).  She has not engaged in substantial gainful activity since May 23, 2002. (Tr. 18).

Ms. Baker filed the current application for a period of disability and DIB on September 24, 2003, alleging that she became unable to work on April 23, 2000.[2] (Tr. 16, 37-39).  The claim was denied by the Commissioner on March 1, 2004.  (Tr. 16).  Ms. Baker filed a timely written request for a hearing on April 20, 2004.  (Tr. 16).  On March 2, 2006, a hearing was conducted before ALJ Jerry M. Vanderhoef.  (Tr.

---

[1]This is the first time that Ms. Baker is alleging that she is disabled due to colon spasms.  In her previous application, she did allege disability due to headaches, seizures and back problems. (Doc. 10, Attachment at 8).

[2]This is Ms. Baker's third application for DIB benefits.  The previous application, discussed below, was denied by ALJ Hamm on May 22, 2002.  ALJ Hamm determined that Ms. Baker had a RFC for a limited range of light work and that she had the following severe impairments: seizure disorder, degenerative disc disease of the lumbar spine, arthritis of the left knee, adjustment disorder, and histrionic personality features.

16).  At the hearing, the onset date was amended to May 23, 2002.  (Tr. 66, 298-99).

The ALJ concluded that Ms. Baker was not disabled and denied her application on

July 12, 2006.  (Tr. 16-23).  Ms. Baker appealed the decision by and through counsel

on July 19, 2006.  (Tr. 12-13).  On April 13, 2007, the Appeals Council denied her

request for review of the denial.  (Tr. 6-9).

Ms. Baker filed a complaint on June 21, 2007, which asks this court to review

the ALJ's decision pursuant to 42 U.S.C. § 405(g).  (Doc. 1 at ¶ 3).  The court has

carefully considered the record and remands the decision of the ALJ for further

proceedings.

## STANDARD OF REVIEW[3]

The function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal

standards were applied.  *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct.

1420, 1421, 1432, 28 L. Ed. 2d 842 (1971); *McRoberts v. Bowen*, 841 F.2d 1077,

1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983);

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must

---

[3]In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or Supplemental Security Income (hereinafter "SSI").  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion shall be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

"scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence a reasonable person would accept as adequate to support a conclusion." *Id.*  Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish the entitlement for a period of disability, a claimant must be disabled as defined by the Act and the Regulations promulgated thereunder.[4]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. §

---

[4]The "Regulations" promulgated under the Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;
(2)   whether the claimant has severe impairment;
(3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)   whether the claimant can perform her past work; and
(5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 51 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord, Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy. *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ first found that Ms. Baker met the insured status requirements of the Act through March 31, 2005.  (Tr 18).  He then determined that she had not engaged in substantial gainful activity since the amended alleged onset of her disability dated May 23, 2002.  (Tr. 18).  He also found that Ms. Baker's history of seizures (controlled) is an impairment considered "severe" based on the requirements in Regulations 20 C.F.R. § 404.1520(c).  (Tr. 18).  The ALJ then found that Ms. Baker does not have an impairment, or combination of impairments, that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1 of the Social Security Regulations.  (Tr. 21).

The ALJ next determined that Ms. Baker retained the following residual functioning capacity (hereinafter "RFC"):

> . . . the undersigned finds the claimant has no exertional limitations. She is restricted from climbing ladders, ropes, and scaffolding due to her history of seizures.  She is to avoid concentrated exposure to extreme heat or cold.  She is restricted from work around hazardous machinery or unprotected heights.  She is to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.  The claimant is restricted from operating a motor vehicle.

(Tr. 21 # 5).  The ALJ finally found that these limitations would not preclude the performance of Ms. Baker's past relevant work as an order clerk, which the vocational expert (hereinafter "VE") testified was performed at the sedentary

6

exertional level.  (Tr. 22-23, 328).

In reliance on the grids, the ALJ concluded that Ms. Baker was not under a disability at any time through the date of the ALJ's decision and, therefore, was not eligible for a period of disability and DIB under §§ 216(i), 223, 1602, and 1614(a)(3)(A) respectively, of the Act.  (Tr. 23).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence.  42 U.S.C. § 405(g).  "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding."  *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]  Ms. Baker alleges that the ALJ's decision was not supported by substantial evidence and that the ALJ failed to apply the correct legal standards in making his decision.  (Doc. 10 at 1).

The court has carefully reviewed the record and finds that the Commissioner's decision must be reversed and remanded for further development of the record. Under the law, the ALJ must develop a full and fair record.  *Graham v. Apfel*, 129

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

F.3d 1420, 1422 (11th Cir. 1997).  And "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Hughes v. Barnhart*, 323 F. Supp. 2d 1230, 1237 (N.D. Ala. 2004) (quoting *Drummond v. Comm'r of Soc. Sec. Admin.*, 126 F.3d 837, 842 (6th Cir. 1997)). Under the instant circumstances, substantial evidence does not exist in the record to support the ALJ's conclusion that Ms. Baker is not disabled and has no exertional limitations because: (1) the ALJ failed to consider the prior decision and determination of severe impairments from Ms. Baker's previous application; and (2) there are no treating or examining medical source statements (hereinafter "MSS") referencing her functional abilities or limitations.[6]  Furthermore, the decision of the ALJ must be reversed and remanded because the ALJ failed to apply the correct legal standards by failing to show good cause as to why the opinion of the treating physician was not accorded substantial weight.

I.     **THE ALJ'S FINDINGS ARE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

Ms. Baker asserts that the findings of the ALJ are not based on substantial evidence because (1) the ALJ erred in failing to consider in his findings the prior

_____

[6]Medical source statements are "medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical and mental abilities to perform work-related activities on a sustained basis."  SSR 96-5p.

decision and determination of severe impairments and limitations from a previous

application, and (2) the ALJ failed to fully and fairly develop the record.  (Doc. 10 at

5-8).

## A.     The ALJ erred in failing to consider the prior decision and determination of severe impairments from the previous application.

_____Ms. Baker argues that the Commissioner's decision is not based upon

substantial evidence because the ALJ failed to consider the final decision of the ALJ

from the previous application.[7]  "Final decisions of Administrative Law Judges based

upon substantial evidence must receive full consideration and be assigned weight as

may be appropriate in view of the circumstances under which they are issued."

*Reichard v. Barnhart,* 285 F. Supp. 2d 728, 735 (S.D. W. Va. 2003).  *See also*

Acquiescence Ruling 00-1(4).[8]  Furthermore, in the case of a subsequent application,

an ALJ's earlier administrative ruling is the law of the case and therefore binding.

*Bloodsaw v. Apfel*, 105 F. Supp. 2d 1223, 1227 n.6 (N.D. Ala. 2000).  (J. Guin).

"Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is

bound by the findings of a previous ALJ."  *Hughes*, 323 F. Supp. 2d at 1237 (quoting

_____

[7]The ALJ's denial of Ms. Baker's application was dated May 22, 2002, one day before the alleged onset date of disability in the case before this Court.

[8]Acquiescence Ruling 00-1(4): "When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances."

*Drummond,* 126 F.3d at 842).

In *Hughes,* the claimant was a 57 year old female who had previously been denied benefits three times.[9]  In the first decision,[10] the ALJ denied her benefits, but found that claimant had the functional capacity to perform the requirements of sedentary work.[11]  The court, in its review of the subsequent denial of her application, noted that nothing in the record indicated that the claimant had improved from the time the original ALJ decided that claimant was capable of performing sedentary work.  Additionally, there was no evidence of medical improvement.  323 F. Supp. 2d at 1234.  *See also* 20 C.F.R. § 404.1594(f).  Despite these facts, the subsequent ALJ denied benefits, ignoring the decision of the previous ALJ finding the claimant able to perform only sedentary work.[12]  In reversing the Commissioner, the court held

---

[9]At the time of her final application, the claimant was 51 years old.

[10]Judge Guin's review was of the claimant's third application.  The second denial was not appealed and there was no copy of that decision in the record. The first decision, dated March 9, 1995, was part of the record and it is this previous application to which Judge Guin's decision refers.

[11] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other certain sedentary criteria are met."  20 C.F.R. § 404.1567(a).

[12]At the time of the hearing and the ALJ's decision, the claimant was 54 years old.  As such, she was "closely approaching advanced age."  With a RFC for sedentary work and classification as a "person approaching advanced age," claimant was entitled to DIB benefits under the Commissioner's regulations.  *See* 20 C.F.R. § 404.1563 (**"Your age as a vocational factor"**).

that a subsequent ALJ is bound by the findings of a previous ALJ unless evidence shows that there has been an improvement in the claimant's condition. *Hughes,* 323 F. Supp. 2d at 1237. Because the claimant was a person "approaching advanced age" with a RFC to perform sedentary work, the court awarded benefits.

The court, while noting that the Eleventh Circuit had not spoken to the issue of administrative res judicata in circumstances similar to those presented in *Hughes*, adopted the Sixth Circuit's decision on the issue. In *Drummond*, 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that the doctrine of res judicata bound the Commissioner by a prior determination regarding the claimant's condition with regard to her subsequent benefits application. In reaching that decision, the court rejected the Commissioner's assertion that the Social Security Administration (hereinafter "SSA") had the unfettered discretion to revisit issues previously determined, absent new and additional evidence. The Sixth Circuit reasoned that to allow the Commissioner such freedom would contravene the rationale behind 42 U.S.C. § 405(h) which requires finality in the decisions of Social Security claims.

In the present case, Ms. Baker previously applied for DIB and SSI payments on June 16, 2000, and was denied benefits by ALJ Hamm on May 22, 2002.[13] (Doc.

---

[13]The decision of ALJ Hamm on this previous application mentions that Ms. Baker previously filed an application for disability benefits in January 1996 and was denied by the ALJ. That decision is not a part of the record before this Court, nor has a copy been provided by either

10, Attachment at 7).  ALJ Hamm found that the "medical evidence indicates that [Ms. Baker] has a seizure disorder, degenerative disc disease of the lumbar spine, arthritis of the left knee, adjustment disorder, and histrionic personality features, impairments that are severe within the meaning of the Regulations."[14]  (Doc. 10, Attachment at 14).  Additionally, ALJ Hamm found that Ms. Baker had a RFC to perform a limited range of light work.[15]  (Doc. 10, Attachment at 17).

The denial of benefits now under review by this Court makes no mention of these findings.  In his decision, ALJ Vanderhoef found that Ms. Baker had no exertional limitations and only one severe impairment: a history of seizures (controlled).  (Tr. 18, 21).  At the requested hearing before ALJ Vanderhoef, Ms.

─────────────────────

side.

[14]Ms. Baker did not allege the same list of impairments in the application before this Court that ALJ Hamm found to be severe, though she did allege the seizures and back problems.  However, she has alleged the same impairments as she claimed in the previous application in which ALJ Hamm found those severe impairments.  Furthermore, Ms. Baker has alleged an additional impairment of colon spasms in the application before this Court.  There is no indication, and the Commissioner does not assert, that the subsequent application must allege the prior findings of severe impairments or limitations in order for the subsequent ALJ to have a duty to consider them in his decision.

[15]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full range of light work, you must have the ability to do substantially all of these activities.  If someone can do this light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

Baker brought her previous application for benefits to his attention, but his decision failed to consider the findings of ALJ Hamm.  (Tr. 298-300).

Like the ALJ in *Hughes*, ALJ Vanderhoef failed to follow the findings of the prior ALJ.  Furthermore, his decision indicates that he did not even consider that prior holding in his findings.  Without considering the findings of the prior ALJ in his decision, ALJ Vanderhoef could not possibly show that he was not bound by those previous findings due to evidence of an improvement in Ms. Baker's condition.  And without such a demonstration, the decision of ALJ Hamm remained the administrative law of the case. *See Bloodsaw*, 105 F. Supp. 2d at 1227.

Unlike the claimant in *Hughes*, however, Ms. Baker's age does not qualify her as a person "approaching advanced age."  At her present age, a finding that she could perform only light work, as ALJ Hamm had found, would not render her automatically eligible for benefits.  Also, unlike in *Hughes*, it is not evident from the record that Ms. Baker's condition has worsened since her last application.  In fact, it may even have improved.  This assessment, however, is best made by the ALJ in consideration of the evidence of record and the findings of the prior ALJ.

In his brief, the Commissioner argues that it would be inappropriate for this Court to consider the earlier ALJ's decision since it was not a part of the certified record. (Doc. 11 at 10).  The Commissioner, he contends, is required to include in the

certified record all the evidence formally considered, *see* 42 U.S.C. § 405(g), and "[a]

reviewing court is limited to this record in examining the evidence." *Cherry v.*

*Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985) (citing *Mann v. Gardner*, 380 F.2d

182, 187 (5th Cir. 1967)). Consequently, he argues, this Court should not consider

the earlier ALJ's decision because it was not certified as part of the administrative

record.

In *Cherry*, the relevant issue before the Court was whether to remand the case

to the Secretary in order for the claimant to present new evidence of a medical report

that did not exist at the time of the administrative proceeding. 760 F.2d at 1192. The

Secretary argued that the Court should not consider the new evidence as it was not

sufficiently material. *Id.* In dismissing the Secretary's assertion, the Court stated

that "the judicial determination whether remand is necessary is a *de novo*

proceeding." *Id.* (citing *Booz v. Secretary of HHS*, 734 F.2d 1378, 1380 (9th Cir.

1984)) (materiality of new evidence is a question of law). The Eleventh Circuit

remanded the case for consideration of the new evidence. *Id.*

Unlike *Cherry*, the issue before this Court is not whether to remand for

consideration of new evidence but whether ALJ Vanderhoef's decision is supported

by substantial evidence despite his failure to consider the earlier findings of the

previous ALJ.[16]  In *Cherry*, the decision to remand depended upon the determination that the evidence was material and the claimant had good cause for not offering the evidence during the administrative proceeding.  In this case, unlike *Cherry*, the prior decision existed at the time of the administrative proceeding, the ALJ was knowledgeable as to its existence, if not its content, and it was readily available for his consideration.   If the failure to include the prior record in this record (because it was not considered by the ALJ) were to preclude this court from considering it to determine whether the ALJ's <u>failure to consider it</u> was improper would mean that the ALJ's decision (not to consider the prior record) is effectively unreviewable.  The court rejects such an absurd result.

In the present case, the evidence, although not new, is unarguably material to the determination of Ms. Baker's disability status.  And it is the duty of the ALJ to consider the prior findings as evidence.[17]  Furthermore, the findings of the earlier ALJ that Ms. Baker had definite severe impairments and a RFC to perform light work as of May 22, 2002, is such an important and probative fact as to render the subsequent and contrary finding <u>one day later</u> unsupported by substantial evidence.[18]   *See*

---

[16] "The ALJ's earlier administrative ruling is the law of the case and therefore binding."  *See Bloodsaw,* 105 F. Supp. 2d at 1227 n.6.

[17] *See* Acquiescence Ruling 00-1(4).

[18] Ms. Baker's alleged onset date of disability is May 23, 2002.

*Albright v. Comm'r of Soc. Sec. Admin.,* 174 F.3d 473, 477-78 (4th Cir. 1999) (explaining *Lively v. Secretary of HHS*, 820 F.2d 1391 (4th Cir. 1987)).  If new medical reports may be deemed material enough for consideration on remand and the claimant excused for failure to obtain and present the evidence during the administrative proceeding, it would be illogical to hold that a prior final decision of the Commissioner is not material enough for consideration.

   Therefore, because ALJ Vanderhoef's decision failed to consider the findings of ALJ Hamm from Ms. Baker's previous application, ALJ Vanderhoef's decision is not supported by substantial evidence.  Thus, the decision of the Commissioner is reversed and remanded for consideration of the prior findings from the previous application.

   **B.**    **The ALJ did not fully and fairly developed the record.**

   Ms. Baker also argues that the ALJ failed to fully and fairly develop the record. (Doc. 10 at 6).  Although "[t]here must be a clear showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development," *Graham*, 129 F.3d at 1423, an ALJ "has a basic obligation to develop a full and fair record." *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Graham*, 129 F.3d at 1422.  A full and fair record not only ensures that the ALJ has fulfilled his "duty ...

16

to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *See Welch v. Bowen,* 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted).

In support of her claim, Ms. Baker relies upon *Reeves* to argue that the ALJ should have ordered an updated CE in order to avoid substituting his judgment for that of the physicians'. (Doc. 10 at 7, 8). In *Reeves*, the court vacated and remanded where the ALJ failed to order a further CE. *Reeves v. Heckler,* 734 F.2d 519, 522 (11th Cir. 1984). Ms. Baker also asserts that a medical source statement is crucial to the analysis of functioning based on the medically determinable illnesses determined. (Doc. 10 at 8). There is no medical source statement in Ms. Baker's record.

The Commissioner, in rebuttal, relies upon *Ellison* to argue that the ALJ satisfied his duty to develop the record by developing Ms. Baker's complete medical history for the 12 months preceding her application. 355 F.3d 1272. (Doc. 11 at 7,8). "[B]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you filed your application." *Id.* at 1276 (citing *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)).

In the case at hand, Ms. Baker filed her application in September 2003 and the ALJ did in fact examine the medical records covering the period from January 1998 through May 2006.  However, examining medical records for the appropriate time period is not synonymous with developing the record for that same period.  As the Commissioner notes in his brief, the crucial issue in a disability evaluation is not the diagnosis of a condition, but the functional limitations imposed by the condition. (Doc. 11 at 5).  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (the mere diagnosis of arthritis says nothing about the severity of the condition).   In the present case, there was only one MSS from Ms. Baker's evaluating physicians regarding any functional limitations she may have due to her conditions, and those limitations were discounted by the ALJ.  (Tr. 22).  Neither Dr. Tapia, her treating physician, nor the physicians who evaluated Ms. Baker at the request of Alabama Disability Determination Service (hereinafter "DDS") provided a MSS describing any functional abilities or limitations.

While Ms. Baker has the burden of proving her disability, the ALJ has a basic obligation to develop a full and fair record.  *Cowart v. Schweiker,* 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)). When the ALJ failed to develop a full and fair record, the court "has required the Secretary to reopen the case 'until the evidence is sufficiently clear to make a fair

determination as to whether the claimant is disabled or not." *Thorne*, 607 F.2d at 220 (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974)).

In *Thorne*,[19] the court found that the record was incomplete and remanded for further development because there was no medical opinion provided by a treating physician as to whether the claimant's condition made her unemployable. *Id.* In that case, the ALJ made no effort to ascertain the disability status of the claimant from any of the medical witnesses. *Id.* Instead, the ALJ relied upon his own personal opinion and the present medical testimony. *Id.*

The Eleventh Circuit has held that the absence of a physician's opinion regarding a claimant's functional limitations does not morph into an opinion that the claimant can work. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir. 1988). "Such silence is equally susceptible to either inference, therefore, no inference should be taken." In the case at hand, the only medical opinion regarding Ms. Baker's functional abilities or limitations was provided by Dr. Dhaliwal in a post-hearing psychological CE, performed at the request of the ALJ. The ALJ, however, discounted the opinion of Dr. Dhaliwal and his findings of limitations. (Tr. 22). Thus, the ALJ did not rely on an MSS from either Ms. Baker's treating or examining

---

[19]In *Clemmons v. Astrue*, 06-CV-1058-VEH, *Thorne* was relied upon to find that the ALJ's decision was not based on substantial evidence where there was no MSS from the treating physician.

physicians in his decision.  Instead, the ALJ relied on only his own opinion in deciding that Ms. Baker had no exertional limitations.

The court finds that there was insufficient objective medical evidence in the record regarding Ms. Baker's functional limitations and therefore the case is remanded under the Fourth sentence for further proceedings for the additional reason of attaining medical source statements from her treating and examining physicians. 42 U.S.C. § 405(g).[20]

## II.    THE ALJ FAILED TO APPLY THE CORRECT LEGAL STANDARDS.

Ms. Baker finally contends that the ALJ failed to apply the correct legal standards.  (Doc. 10 at 1).  "An administrative law judge must accord 'substantial' or 'considerable' weight to the opinion of a claimant's treating physician unless 'good cause' is shown to the contrary."  *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (citing *Wiggins v. Schweiker,* 679 F.2d 1387,1389 (11th Cir. 1982)).  As the former Fifth Circuit explained in *Smith v. Schweiker*, 64 F.2d 1075, 1081 (5th Cir. 1981), "[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of

---

[20]The fourth sentence of 42 U.S.C. § 405(g) states "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

time should be given considerable weight." In addition, the "opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician." *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir. 1981) (Unit B).[21]

In *Broughton*, the Eleventh Circuit held that the ALJ improperly discounted the opinion of the treating physician without good cause and improperly placed controlling weight on the opinion of a non-examining physician. 776 F.2d 960. In that case, the ALJ found that the claimant retained the RFC to perform medium work and determined that he could perform his past work as a plant supervisor. *Id.* at 961. The ALJ expressly supported his findings by reference to a RFC assessment by a non-examining physician. *Id.* The assessment of the non-examining physician was directly contrary to those of the treating and examining physicians who both reported that the claimant was unable perform any form of work. *Id.*

In the case at hand, ALJ Vanderhoef completely discounted the opinion of the treating physician, Dr. Tapia, and did not accord any weight whatsoever to his opinions or diagnosis in his findings. (Tr. 18-22). In fact, the record does not contain any opinion or diagnosis from Dr. Tapia, only some medical notes obtained by Ms. Baker's attorney that contain more phone call records than medical opinions or

---

[21]In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit. *Id.* at 34.

diagnoses.  (Tr. 168-83, 269-71).  In his decision, the ALJ accorded some weight to the opinion of the non-treating, non-examining DDS consultant, somewhat greater weight to the examining physicians who gave no specific limitations, little weight to the examining physician who found moderate limitations, and no weight to the treating physician.  (Tr. 22).

This Court has already determined that ALJ Vanderhoef failed to fully and fairly develop the record by not obtaining MSS from Ms. Baker's treating and examining physicians, and it may be due to this error that the opinion of Dr. Tapia was not considered worthy of being accorded great weight by the ALJ.  However, as good cause must be shown why a treating physician's opinion was not accorded substantial or considerable weight, *Broughton,* 767 F.2d at 961-62, the ALJ's unexplained failure to accord any weight to Dr. Tapia's opinion is an erroneous application of the legal standard.  ALJ Vanderhoef did correctly apply the legal standards, though, in attributing greater weight to the opinions of two of the three examining physicians than to the opinion of the non-examining DDS consultant.

Although this Court finds that the ALJ erred in his application of the legal standards, at this time the Court declines to enter an order requiring entitlement to disability benefits.  Instead, it is appropriate that the evidence be evaluated in the first instance by the ALJ pursuant to the correct legal standards.  Therefore, the decision

of the Commissioner is reversed and remanded for reconsideration by the ALJ.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submission of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence and that the ALJ failed to apply the correct legal standards. Accordingly, the decision of the Commissioner is reversed and the case remanded under the Fourth Sentence. 42 U.S.C. § 405(g). On remand, the ALJ should consider the findings of the prior ALJ in determining Ms. Baker's severe impairments and functional limitations. Additionally, the ALJ should develop the record by obtaining medical source statements from Ms. Baker's treating and examining physicians. Finally, the ALJ should accord substantial or considerable weight to the opinion of the treating physician or, alternatively, show good cause to the contrary. An order in conformity with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this the 27th day of March, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge